
FILED
MAY 15 2013
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

NANCY COOK, )
)
Plaintiff )
)
v. ) 1:12cv1084 (LMB/IDD)
)
MAGELLAN HEALTH SERVICES, INC., )
)
Defendant. )
)

MEMORANDUM OPINION

Before the Court is defendant Magellan Health Services, Inc.'s ("MHS") Bill of Costs [Dkt. No. 55], which seeks total costs of $6,299.30. Plaintiff Nancy Cook ("Cook") has filed objections [Dkt. No. 56], to which MHS has replied [Dkt. No. 57]. Accordingly, the issues raised are ripe for decision.

I. BACKGROUND

Cook filed this civil action on September 26, 2012, alleging age discrimination and retaliation by her former employer, MHS. An amended complaint was filed on November 16, 2012. On February 21, 2013, the Court held the final pretrial conference and scheduled a jury trial to begin on May 13, 2013.

MHS filed a motion for summary judgment on March 15, 2013, arguing that Cook could not show that her age or alleged protected activity were the causes of the alleged adverse employment action. On April 12, 2013, summary judgment was

granted in favor of MHS. <u>See</u> Dkt. No. 53. MHS filed its Bill of Costs on April 23, 2013.

## II. DISCUSSION

A prevailing party may recover costs, other than attorney's fees, under Fed. R. Civ. P. 54(d)(1); however, this rule does not give the district court "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case." <u>Farmer v. Arabian Am. Oil Co.</u>, 379 U.S. 227, 235 (1964). Instead, the court may tax only those costs authorized by statute. <u>See</u> <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 441-42 (1987).

The general taxation of costs statute, 28 U.S.C. § 1920, enumerates six categories of costs: (1) clerk and marshal fees, (2) transcript fees (3) printing and witness fees, (4) copying fees, (5) docket fees under 28 U.S.C. § 1923, and (6) compensation of court appointed experts, interpreters, and special interpretation services. Within those categories, "the court has wide latitude to award costs." <u>Francisco v. Verizon S., Inc.</u>, 272 F.R.D. 436, 441 (E.D. Va. 2011).

Although there is a presumption that a prevailing party is entitled to costs unless the opposing party can show otherwise, <u>see</u> <u>Cherry v. Champion Int'l Corp.</u>, 186 F.3d 442, 446 (4th Cir. 1999), the prevailing party "bears the burden of showing that the requested costs are allowable under § 1920." <u>Francisco</u>, 272

F.R.D. at 441 (citation omitted). Once the prevailing party has met this burden, the burden shifts to the non-prevailing party to identify any improprieties. Id.

Cook argues that MHS's Bill of Costs should be reduced from $6,299.30 to $2,387.90 on the basis that MHS has improperly claimed fees for deposition transcripts and the copying of trial exhibits that exceed allowable costs under § 1920. The plaintiff's argument is rejected for the following reasons.

A. Deposition Transcript Fees

The costs of a deposition, including transcript fees, should be awarded "when the taking of a deposition is reasonably necessary at the time of its taking." LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n, 830 F.2d 522, 528 (4th Cir. 1987); see 28 U.S.C. § 1920(2) (allowing taxation of fees for deposition transcripts "necessarily obtained for use in the case"). Therefore, such costs are taxable "if they were incurred in order to *prepare* for trial," regardless of whether the transcripts are actually "*used*" at trial. Jop v. City of Hampton, Va., 163 F.R.D. 486, 488 (E.D. Va. 1995) (emphases in original); see also Bd. of Dirs., Water's Edge v. Anden Grp., 135 F.R.D. 129 (E.D. Va. 1991).

MHS has requested costs for eight deposition transcripts that it represents "were used in the preparation [of] its Motion for Summary Judgment, the declarations submitted in support

thereof, and its Reply in Support of its Motion for Summary Judgment," and "were also obtained . . . to prepare for trial." Bill of Costs, at 2. Cook argues that MHS should not be awarded the costs of obtaining transcripts for seven[1] of the eight depositions because MHS did not cite those deposition transcripts in the briefing of its motion for summary judgment, relying instead "on Declarations for the above named individuals" and using the transcripts "solely for discovery purposes." Pl. Nancy Cook's Objections and Opp'n to Def.'s Bill of Cost ("Objections"), at 1-2.

As a threshold matter, Cook's allegation is incorrect at least as to the deposition of David Carter, which MHS repeatedly cited in its reply brief and even attached as an exhibit to that pleading. See Def. MHS's Reply in Supp. of Its Mot. for Summ. J., at 10 n.5, 17, 17 n.10; id., Ex. 14. But more generally, the test is not whether the depositions were actually used at trial or in the briefing of a dispositive motion, but whether they were "reasonably necessary at the time of [their] taking." LaVay, 830 F.2d at 528; see also Ferris v. AAF-McQuay, Inc., No.

---

[1] Those seven transcripts are for the depositions of Brooke Kachura on February 7, 2013; Edith Jardine on February 22, 2013; David Carter on February 26, 2013; Amie Watson on February 26, 2013; Ramon Soto on February 27, 2013; Linda Smith on March 1, 2013; and Tina Blasi on March 8, 2013. See Bill of Costs at 2. The only transcript fee that is not contested is that related to the deposition of plaintiff Nancy Cook on January 31, 2013. See Objections at 1-3.

4

5:06cv00082, 2008 WL 495656, at *1 (W.D. Va. Feb. 21, 2008) ("The Fourth Circuit has not made the use of a [deposition] transcript in a dispositive motion the test of whether the costs are taxable.").

The record reflects that each of the seven contested depositions were "reasonably necessary" at the time of its taking. Cook herself cited portions of all seven depositions in her opposition brief and attached excerpts of the transcripts as exhibits, and it was reasonable for defense counsel to review those materials in the preparation of a rebuttal. See Pl. Nancy Cook's Opp'n to Def. MHS's Mot. for Summ. J., at 2-10, 17, 24-27. To the extent that MHS accompanied its motion for summary judgment with declarations from four of those deponents instead of citing to lengthy deposition transcripts, see Def. MHS's Mem. of Law in Supp. of Its Mots. for Summ. J., Exs. 1-2 & 5-6, it has credibly represented that it "reviewed the transcripts . . . and consolidated relevant portions . . . as part of the preparation" of those declarations. Def. MHS's Reply in Supp. of its Bill of Costs ("Reply"), at 3. Moreover, because each of the deponents appeared on the parties' witness lists and trial was set for approximately one month after the hearing on MHS's Motion for Summary Judgment, it was reasonable for counsel to obtain the deposition transcripts in preparing for the upcoming trial. See, e.g., Simmons v. O'Malley, 235 F. Supp. 2d 442, 443 (D. Md. 2002)

("Reasonable trial preparation . . . ordinarily includes review of the deposition transcripts of the parties and their experts, either to prepare one's own witnesses for cross-examination or to prepare to perform the cross-examination of the adverse party and her witnesses.").

Accordingly, Cook's objection to the inclusion of deposition transcript expenses in MHS's Bill of Costs will be overruled, and the costs of obtaining those transcripts, which total $6,052.95,[2] will be taxed.

B. Copying Fees for Trial Exhibits

28 U.S.C. § 1920(4) provides for the taxation of fees for copying materials such as trial exhibits "where the copies are necessarily obtained for use in the case." See also Bd. of Dirs., Water's Edge v. Anden Grp., 135 F.R.D. 129, 137 (E.D. Va. 1991) ("[C]osts for copies of exhibits may be awarded where such copies were 'necessarily obtained for use in the case.'" (citations omitted)). MHS has claimed $246.35[3] in fees associated with copying its proposed trial exhibits, and

---

[2] At one point, MHS refers to $6,868.55 instead of $6,052.95, see Bill of Costs at 2, but it clarifies in a footnote and in its Reply that it is requesting the lower figure, which reflects the subtraction of fees associated with expediting the transcription of Nancy Cook's deposition. See id. at 2 n.1; Reply at 4.

[3] MHS inadvertently referred to this figure on one occasion as $246.33, see Bill of Costs at 3, and plaintiff repeated this number, see Objections at 3. The correct figure is $246.35, as evidenced by the invoice for the copying services attached to the defendant's Bill of Costs. See Bill of Costs, Ex. B.

represents that that amount is taxable because those copies were obtained in order to comply with a scheduling order directing the parties to exchange copies of their trial exhibits before March 7, 2013.[4] See Bill of Costs at 3; Reply at 4.

Cook's sole objection is that because MHS's "*proposed* trial exhibits were not used or admitted at trial," copies of those documents "were not reasonably necessary for trial as the case was decided prior to trial, on summary judgment." Objections at 2-3. This line of argument is clearly foreclosed by the Fourth Circuit's recent statement that whether materials are produced at trial or attached to a motion for summary judgment is not dispositive with respect to whether fees for their copying should be taxed as costs. See Country Vintner of N.C., LLC, v. E. & J. Gallo Winery, Inc., -- F.3d --, 2013 WL 1789728 (4th Cir. Apr. 29, 2013) ("[W]e reject [the] contention that § 1920(4) applies only to the costs related to materials attached to dispositive motions or produced at trial."). Moreover, MHS is correct that a magistrate judge of this Court granted a joint motion in which the parties agreed that copies of trial exhibits "should be exchanged with opposing counsel on or before March 7, 2013." See

---

[4] On February 1, 2013, plaintiff filed a Joint Motion to Enlarge Time to Complete Deposition Discovery and to Modify Scheduling Order, along with a Proposed Order stating that "the exhibits themselves or copies thereof should be exchanged with opposing counsel on or before March 7, 2013." Dkt. No. 27. The Joint Motion was granted on February 5, 2013. See Dkt. No. 28.

supra at n.3. To the extent that MHS obtained copies of its trial exhibits in an effort to comply with the terms of that Order, those copies were clearly "necessarily obtained for use in the case" and therefore taxable under § 1920(4).[5]

Accordingly, the Court also overrules this objection and will grant MHS $246.35 in requested copying costs.

III. CONCLUSION

For all these reasons, MHS's Bill of Costs will be granted in the requested amount of $6,299.30 by an Order to be issued with this Memorandum Opinion.

Entered this 15th day of May, 2013.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge

---

[5] The invoice for the copies lists a "[s]hip [d]ate" of March 13, 2013 and a "[d]ue [d]ate" of April 12, 2013, see Bill of Costs, Ex. B, and those dates appear somewhat inconsistent with MHS's statement that it ordered the copies to comply with an Order requiring the exchange of copies no later than March 7, 2013. See Reply at 4. Nevertheless, plaintiff has not objected to the fees on this ground, and the Court will accept MHS's unrebutted representation that it obtained copies of trial exhibits in order to comply with the scheduling order discussed above.